**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

DREW SMITH and DAVID LEVI      :
MCVEY,                      :
                                   :      Civil Action No. 14-5945(FLW)
                Plaintiffs,      :
                                   :            **OPINION**
        vs.                     :
                                   :
STAFFORD TOWNSHIP, *et al.*,    :
                                   :
            Defendants.      :
                                   :

**WOLFSON, U.S. District Judge**:

This matter comes before the Court upon the motion of Defendants Stafford Township and Stafford Township Police Chief Joseph Giberson (collectively, "Defendants") for attorney's fees and costs. This Court previously granted summary judgment in favor of Defendants, *see Smith v. Stafford Twp.*, No. CV 13-1091(FLW), 2016 WL 5417197 (D.N.J. Sept. 28, 2016), dismissing the procedural and substantive due process claims brought by officer-plaintiffs Drew Smith and David Levi McVey (collectively, "Plaintiffs").[1] These unsuccessful constitutional claims challenged the promotion exam process utilized by Defendants. In the instant matter, pursuant to 42 U.S.C. § 1988, Defendants, as prevailing parties, seek attorney's fees and costs, arguing

---

[1] In the same Opinion, the Court also resolved Defendants' motion for summary judgment against Joseph Mrazek, another plaintiff, in a separately filed case, who brought substantially similar constitutional claims as Plaintiffs Smith and McVey in this case. With respect to Mrazek, this Court dismissed his claims that were premised on procedural and substantive due process. But, the Court denied summary judgment with respect to Mrazek's First Amendment claims. As such, Mrazek is not a part of the instant dispute over attorney's fees and costs, and therefore, the Court's discussion in this Opinion only relates to Plaintiffs Smith and McVey.

that Plaintiffs' claims were frivolous, unreasonable, and without foundation.   For the reasons set forth below, Defendants' motion is **DENIED**.

## BACKGROUND

Because the underlying facts of this case are set forth in this Court's September 28, 2016 opinion, *see Mrazek*, 2016 WL 5417197, at *4-11, I will only briefly summarize them here.

Plaintiffs, police officers of Stafford Township, were involved in the promotion exam process that led to this dispute.  In August 2012, Chief Giberson implemented a new policy for promoting police officers (the "Exam Policy") that was subsequently approved by the Stafford Township Mayor and Council.  In late 2012, Stafford Township, through its police department, began administering the promotion exams. Plaintiffs participated in the promotion process, which concluded in late January 2013.

At the conclusion of the exams, Plaintiffs were not promoted.  In September 2014, Plaintiffs brought their § 1983 claims in the instant action, alleging that the manner in which Defendants conducted the promotion exams deprived Plaintiffs of their procedural and substantive Due Process rights under the Fourteenth Amendment.  Plaintiffs alleged that the promotion process was neither conducted fairly nor according to the approved Exam Policy, because, according to Plaintiffs, certain portions of the promotion exam were arbitrary, capricious and lacking any rational basis.

Notably, on December 23, 2014—while Plaintiffs' case was pending—the Third Circuit issued its unpublished opinion in *Kaminski v. Twp. of Toms River*, 595 Fed. Appx. 122 (3d Cir. 2014).  As this Court previously found, the *Kaminski* decision "squarely addressed an identical [constitutional] position" as the one Plaintiffs, here, have advanced.

Importantly, Plaintiffs' counsel in this matter also represented the *Kaminski* plaintiffs, and thus, counsel was undoubtedly aware of the Third Circuit's decision.

Despite *Kaminski*, however, the parties continued to litigate.  It was not until February 26, 2016 — fourteen months after the *Kaminski* decision was issued — that Defendants, after engaging in extensive discovery, moved for summary judgment.  On September 28, 2016, the Court granted Defendants' motion, relying on *Kaminski* as the basis for dismissal.

As the "prevailing party," pursuant to § 1988, Defendants move for attorney's fees and costs by filing a two-and-a-half-page certification—with no brief—and exhibits consisting of more than 50 pages outlining their hourly fees. Plaintiffs opposed Defendants' request, contending that Defendants are not entitled to "prevailing party" fees because Plaintiffs' now-dismissed claims were neither frivolous, nor could Defendants demonstrate the reasonableness of their fees.  While Defendants have responded to Plaintiffs' Opposition, Defendants devote very little in their reply brief to explaining why they are entitled to fees in the first instance.

## DISCUSSION

Section 1988(b) provides a district court with discretion to "allow the prevailing party . . . a reasonable attorney's fee as part of the costs" in any 42 U.S.C. § 1983 action. 42 U.S.C.A. § 1988(b); *Raab v. City of Ocean City, New Jersey*, 833 F.3d 286, 292 (3d Cir. 2016).  While either the plaintiff or the defendant can be the "prevailing party," "the standard for awarding attorney's fees to prevailing defendants is more stringent than that for awarding fees to prevailing plaintiffs." *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 157–58 (3d Cir. 2001) (citing *Christiansburg Garment Co. v. Equal Emp't*

*Opportunity Comm'n*, 434 U.S. 412, 421 (1978)) *Equal Emp't Opportunity Comm'n v. L.B. Foster Co.*, 123 F.3d 746, 750–51 (3d Cir. 1997) (footnote omitted)).   Ordinarily, a prevailing plaintiff is entitled to "recover an attorney's fee unless special circumstances would render such an award unjust." *Christiansburg Garment Co.*, 434 U.S. at 416–17 (quoting *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968)); *Barnes Found.*, 242 F.3d at 158.  Conversely, "a prevailing defendant is entitled to attorney's fees only 'upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation.'" *Barnes Found.*, 242 F.3d at 158 (quoting *Christiansburg Garment Co.*, 434 U.S. at 421).   Nonetheless, "[t]he defendant need not establish that the plaintiff had subjective bad faith in filing the action; the standard is an objective one." *Green v. Port Auth. of N.Y. & N. J.*, No. 07-3910, 2010 WL 2989990, at *1 (D.N.J. July 26, 2010) (citing *Christiansburg Garment Co.*, 434 U.S. at 421); *accord Barnes Found.*, 242 F.3d at 158.

In deciding whether a plaintiff's unsuccessful claims were frivolous, courts in this Circuit consider the following non-exhaustive factors:

> whether [(1)] the plaintiff established a prima facie case, [(2)] the defendant offered to settle, [(3)] the trial court dismissed the case prior to trial[, (4)] the case continued until a trial on the merits[,] . . . [(5)] the question in issue was one of first impression requiring judicial resolution, [and (6)] the controversy is based sufficiently upon a real threat of injury to the plaintiff.

*Barnes Found.*, 242 F.3d at 158 (citations omitted).   Importantly, however, "[t]hese considerations . . . are merely guidelines, not strict rules; thus determinations regarding frivolity are to be made on a case-by-case basis." *Id.* (internal quotations and citations omitted).   Indeed, courts must be mindful to "resist the understandable temptation to engage in *post hoc* reasoning by concluding that because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* (quoting

*Christiansburg Garment Co.*, 434 U.S. at 421–22); *see also Stefanoni v. Bd. Of Chosen Freeholders Cnty. of Burlington*, 180 F. Supp. 2d 623, 628 (D.N.J. 2002), *aff'd*, 65 Fed. Appx. 783 (3d Cir. 2003) (explaining that a district court's determination of whether a plaintiff's suit was frivolous, "must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful" (internal quotations and citations omitted)).  The Third Circuit has warned that awarding attorney's fees should not "be used as a weapon of 'wholesale fee shifting,' but rather as a corrective device of litigation abuse." *Green*, 2010 WL 2989990, at *3 (citing *Doering v. Union Cnty Bd. of Chosen Freeholders,* 857 F.2d 191, 194 (3d Cir. 1988) (quoting *Gaiardo v. Ethyl Corp.,* 835 F.2d 479, 483 (3d Cir. 1987))).

Moreover, in determining frivolity, when a plaintiff's claim is initially colorable but becomes *clearly* "frivolous, unreasonable, or groundless" due to subsequent new facts or law, awarding a defendant attorney's fees may be appropriate. *Christiansburg Garment Co.*, 434 U.S. at 422 ("[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."); *Brown v. Borough of Chambersburg*, 903 F.2d 274, 277 (3d Cir. 1990) (same); *PKF Mark III Inc. v. Found. for Faircontracting*, No. 08-1452, 2011 WL 6012551, at *3 (D.N.J. Nov. 30, 2011) ("If a plaintiff's claim appears to be colorable when filed, but subsequent events clearly demonstrate that the claim is not defensible either on the law or the facts, fees may be awarded to a prevailing defendant if the plaintiff does not timely dismiss the litigation."); *Doyle v. Monmouth Beach Police Dep't*, No. 90-3357, 1992 WL 233792, at *2 (D.N.J. Sept. 8, 1992) (same).  Indeed, "[i]mplicit in this approach is the premise that plaintiff

knew or should have known the legal or evidentiary deficiencies of his claim." *PKF Mark III Inc.*, 2011 WL 6012551, at *3 (quoting *Brown*, 903 F.2d at 277).

Here, Defendants argue that Plaintiffs' claims were frivolous because Plaintiffs' counsel brought similar constitutional claims in *Kaminski* that were ultimately dismissed by a district court and the dismissal was affirmed by the Third Circuit. Defendants further argue that since the *Kaminski* decision was issued during the pendency of this case, Plaintiffs' counsel knew, or should have known, "the insufficient legal basis in bringing this action." This Court disagrees.

As discussed above, I am mindful that the focus must be on whether Plaintiffs' case was "so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *See Stefanoni*, 180 F. Supp. 2d at 628. I cannot so find. No doubt, the *Kaminski* decision squarely addressed a substantially similar constitutional question raised by Plaintiffs. *Mrazek*, 2016 WL 5417197, at *6. In *Kaminski*, the plaintiffs relied on a Toms River Ordinance, which set forth certain requirements for the promotion process in which plaintiff-officers there were involved. The plaintiffs argued that the language of the Ordinance elevated the promotion process to a constitutionally protected interest because the Ordinance ensured that the process would be "fair and transparent." *Kaminski*, 595 Fed. Appx. at 126. However, the Third Circuit, without delving into details, found that the *Kaminski* plaintiffs had nothing more than a unilateral expectation that the exam process be fair. *Id.*

While the legal issues raised in *Kaminski* are similar to this case, the facts differ. Importantly, Plaintiffs, here, relied on the language of the Resolution of Stafford Township to assert that they were entitled to a constitutionally protected and fair promotion process.

The language of the Resolution differs from the Toms River Ordinance.  Indeed, because of the differences in municipal law and the requirements of the two the exam processes, *i.e.*, Stafford Township Resolution and Toms River Ordinance, Plaintiffs' counsel was not without any basis for arguing that the Stafford Township Resolution created a legitimate entitlement that was absent in the Toms River Ordinance in *Kaminski*.

Next, Plaintiffs' claims were not contrary to "well-established" law, as Defendants argue.  *Kaminski* is an unpublished Circuit Court opinion, issued three months after Plaintiffs' Complaint was filed.  Although *Kaminski* dealt with similar legal questions, Defendants are hard pressed to argue that the case law with respect Plaintiffs' claims was well-settled, particularly since *Kaminski* was the first decision, albeit unpublished, that directly analyzed the type of constitutional claims raised by Plaintiffs.  As I have indicated previously, subsequent district court decisions dealing with similar issues, including my decision in *Smith*, were guided by *Kaminksi*.  These cases were decided after Plaintiff's claims were filed. Thus, I do not agree with Defendants that the area of law that governed Plaintiff's claims was so settled such that Plaintiffs did not have a reasonable basis to bring suit.

Furthermore, Defendants inexplicably waited until after the completion of discovery to move for summary judgment on Plaintiffs' claims, even though *Kaminski* was decided more than two months after this case was filed.  In that regard, the largest portion of Defendants' fees and costs in this litigation was a result of Defendants' own litigation strategy; Defendants waited until the summary judgment stage to raise a purely legal matter — that could have been resolved earlier in the case.

In sum, while Plaintiffs § 1983 claims ultimately proved unsuccessful, the Court

finds that Plaintiffs did not advance those claims for improper motives, as a means to harass Defendants, or as litigation abuse. Rather, to find Plaintiffs' claims frivolous would be to engage in a disfavored 20/20 hindsight evaluation. *See Christiansburg*, 434 U.S. at 421-22; *see, e.g.*, *Green*, 2010 WL 2989990, at *4 (citing *Heard v. St. Luke's Hosp.*, No. 08-5494, 2010 WL 2569233, at *1 (E.D. Pa. June 21, 2010) (denying defendant attorney's fees, although "[m]any of the[ ] factors support[ed] the [defendant's] argument for attorney's fees and costs," the record was sufficient to show that the claim was not "wholly without foundation or frivolous")); *Hughes v. City of Bethlehem*, No. 05-5444, 2009 WL 255859, at *2 (E.D. Pa. Feb. 3, 2009) (finding that, despite plaintiff's failure to make out a *prima facie* case for her claims and failure to survive summary judgment, awarding defendants attorney's fees is not appropriate since plaintiff's claims were neither advanced for improper motives, advanced to harass defendants, nor were "frivolous, unreasonable, or without foundation"); *Equal Emp't Opportunity Comm'n v. Grane Healthcare Co.*, No.10-250, 2016 WL 3349344, at *7-8 (W.D. Pa. June 15, 2016), *appeal dismissed sub nom. EEOC v. Grane Health Care* (Aug. 15, 2016), *and appeal dismissed sub nom. EEOC v. Grane Health Care* (Aug. 26, 2016) (denying defendant attorney's fees notwithstanding plaintiff's failure to establish a *prima facie* case or the court's determination that issues in the case were not matters of first impression).

Because I find that Defendants are not entitled to fees under § 1988, I need not engage in an analysis determining the reasonableness of fees requested by defense counsel.

**CONCLUSION**

For the above reasons, Defendants' motion for attorney's fees and costs is **DENIED**.


DATED: March 15, 2017                              /s/        Freda L. Wolfson
                                                  Freda L. Wolfson
                                                  United States District Judge